IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD E. BELLARDINE, :
:
               Plaintiff, :        CIVIL ACTION NO. 17-2264
:
v. :
:
WILBUR ROSS, SECRETARY :
U.S. DEPT. OF COMMERCE, :
:
               Defendant. :

## MEMORANDUM OPINION

Smith, J.                                                                                               August 1, 2018

      The plaintiff filed the instant lawsuit because he believes the defendant wrongfully denied him employment in 2010 in its Berks County office. He pursued this allegation for approximately six years prior to filing his complaint in federal court. Shortly after filing his complaint, the parties resolved this longstanding dispute during a settlement conference before the Honorable Timothy R. Rice in late 2017. As part of the agreement, the defendant agreed to allow the plaintiff to apply for a job without the defendant first advertising the position to the general public. Because the defendant was not advertising this job, the parties understood that the plaintiff would be the only applicant. He only needed to submit an application, take an employment test, and the job would be his. The defendant also agreed to pay the plaintiff $1,000.

      Upon notification that the parties had settled the case, the court entered an order dismissing the action with prejudice under Local Civil Rule 41.1(b). Subsequently, the plaintiff came to believe that the defendant had misrepresented a material term of the agreement. More specifically, he believed the defendant had promised him that it no longer employed any

individual in the Berks County office who had been involved with his 2010 employment application. The plaintiff contends he discovered that this representation was false. Accordingly, the plaintiff filed a motion to vacate the Rule 41.1(b) order dismissing the case. The undersigned held an evidentiary hearing on the motion. After considering the evidence presented at the hearing, the court determines that the plaintiff has not clearly and convincingly shown that the defendant misrepresented a material fact pertaining to the settlement. Accordingly, the court will deny the motion to vacate.

## I. PROCEDURAL HISTORY

On May 9, 2017, the plaintiff, Edward E. Bellardine ("Bellardine"), proceeding *pro se*, commenced this action by filing an application to proceed *in forma pauperis* ("IFP") and a proposed complaint.[1] Doc. No. 1. The court granted the application to proceed IFP on May 19, 2017, and directed the clerk of court to file the complaint.[2] *See* May 19, 2017 Order, Doc. No. 2. Later that day, Bellardine filed a request to have the court appoint counsel to represent him. Doc. No. 4. In response to Bellardine's request, the court referred the matter to the employment panel and stayed the case for up to 90 days pending the appointment of counsel.[3] *See* May 25, 2017 Order at 1-2, Doc. No. 5. Prior to the expiration of the 90-day period, Attorney Patrick M. Harrington agreed to represent Bellardine and accordingly, the court appointed him as Bellardine's counsel on August 28, 2017. *See* Aug. 28, 2017 Order, Doc. No. 10. The court also directed the clerk of court to return the case to the court's active docket. *See id.*

Through Attorney Harrington, Bellardine filed an amended complaint on October 2,

---

[1] The complaint named Penny S. Pritzker, the Secretary of the United States Department of Commerce at that time, as the only defendant.
[2] The clerk of court docketed the complaint on the same day as the court's order. Doc. No. 3.
[3] The court also placed the matter in civil suspense. *See* May 25, 2017 Order at 2, Doc. No. 5.

2

2017.[4] Doc. No. 17. In the amended complaint, Bellardine asserted that the defendant, the United States Department of Commerce ("the Department"), violated Title VII of the Civil Rights Act of 1964 when it failed to employ him as a field representative.[5] *See* Am. Compl. at 5.

On November 14, 2017, the parties met with the Honorable Timothy R. Rice for a settlement conference. The parties reached an agreement before Magistrate Judge Rice, but the agreement was not placed on the record. As the parties had agreed to settle the case, this court entered an order dismissing the action with prejudice under Local Civil Rule 41.1(b) on November 15, 2017.[6] Doc. No. 19.

Despite the parties having resolved their dispute and the court having closed the case, Attorney Harrington filed a motion to withdraw as Bellardine's counsel on January 29, 2018. Doc. No. 24. His motion indicated that he and Bellardine had reached an impasse. *See* Mot. to Withdraw as Attorney at 3.

Prior to the court holding a hearing on the motion to withdraw, Attorney Harrington, in an effort to preserve Bellardine's legal rights, filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to vacate the Rule 41.1(b) order dismissing the case. *See* Mot. to Vacate Order Dismissing Case ("Pl.'s Mot."), Doc. No. 28. Three days later, Bellardine filed an affidavit in support of the motion that Attorney Harrington had prepared for

---

[4] Prior to the filing of the amended complaint, the court entered an order directing the clerk of court to substitute Wilbur Ross, the current Secretary of the Department of Commerce for Penny S. Pritzker. *See* Aug. 31, 2017 Order, Doc. No. 14.

[5] Bellardine alleged that he started working for the Department in 2009, and had applied for a field representative position in 2010. *See id.* at 2-3. As part of the application process, Bellardine completed a written examination and participated in a two-part interview. *Id.* at 3.

Bellardine asserted that 16 individuals applied for the field representative position – 8 men and 8 women – and the only applicants to receive perfect scores were three women. *Id.* at 3-4. The Department offered these three candidates jobs as field representatives and did not offer the position to Bellardine. *Id.* Bellardine claims that he and the other male candidates received disparate treatment during the hiring process and, if the Department had treated all interviewees equally, the male applicant scores would have been higher and the Department would have offered him a position. *Id.* at 4.

[6] The court also directed the clerk of court to close the case. *See* Nov. 15, 2017 Order.

him.  *See* Aff. of Edward E. Bellardine ("Bellardine Aff."), Doc. No. 29.  Specifically, Attorney Harrington drafted paragraphs one through fourteen of the affidavit, and Bellardine added a fifteenth paragraph that purported to "correct . . . the above numbered paragraphs" and provide "additional information."  *Id.* at 3-4.

On February 14, 2018, the court held a hearing on the motion to withdraw.  At the hearing, it was revealed that Bellardine believed that the Department had materially misrepresented a term of the settlement agreement and accordingly, had refused to sign the Department's memorialization of the settlement agreement.  At the conclusion of the hearing, the court granted the motion to withdraw and subsequently entered a written order memorializing the court's oral ruling.  Doc. No. 30.

The court held an initial evidentiary hearing on the motion to vacate the order dismissing the case on May 3, 2018, and a continuation of the evidentiary hearing on May 29, 2018.  During the two hearing days, the court heard sworn testimony from three witnesses:  Bellardine, Rosa Estrada, and Attorney Harrington.  *See* May 3, 2018 Tr. of Evidentiary Hr'g ("Tr. I") at 2, Doc. No. 45; May 29, 2018 Tr. of Evidentiary Hr'g ("Tr. II") at 2, Doc. No. 46.  Upon the conclusion of the evidentiary hearing, the court ordered the parties to file proposed findings of fact and conclusions of law.  Doc. No. 44.  Bellardine timely filed his proposed findings of fact and conclusions of law on June 27, 2018, and the Department filed its proposed findings of fact and conclusions of law on July 6, 2018.  *See* Findings of Fact and Conclusions, Doc. No. 48; Def.'s Proposed Findings of Fact and Conclusions of Law, Doc. No. 49.  The motion to vacate the Rule 41.1(b) order dismissing the case is now ripe for adjudication.

## II. FINDINGS OF FACT

1. The parties appeared before Magistrate Judge Rice on November 14, 2017, for a settlement conference. *See* Nov. 14, 2017 Minute Entry, Doc. No. 20; Tr. I at 27.

2. At the settlement conference, the parties agreed to settle case. *See* Tr. I at 65.

3. The settlement agreement was not placed on the record.

4. The agreement contained the following terms:[7]

    a. The Department would pay Bellardine $1,000, *see id.*;

    b. The Department would give Bellardine the opportunity to apply for a Field Representative Position working on the Survey of Income and Program Participation ("SIPP") within the Berks County office of the Department, *see id.* at 65, 68-69;

    c. The Department would not publicly advertise this position, *see id.* at 65-66; and

    d. The Department would not require Bellardine to achieve a minimum score on its employment test, *see id.*

5. Bellardine never applied for the position. *See id.* at 23.

6. Had Bellardine applied for the position, he would have been the only applicant. *See id.* at 105.

7. The Department hires the applicant with the highest score. *See id.* at 85, 105.

8. Because Bellardine would have been the only applicant, he would have been the applicant with the highest score. *See id.*

9. Because Bellardine would have been the applicant with the highest score, the Department would have hired him if he had applied. *See id.*

---

[7] The court is aware that there is conflicting testimony in the record regarding the terms of the agreement and what was stated during the settlement conference. Specifically, there are conflicts between Ms. Estrada's testimony and Bellardine's testimony. The court finds Ms. Estrada's testimony to be more credible than Bellardine's testimony.

10. Bellardine alleged in his amended complaint that he applied for a field representative position with the Department's Berks County office in 2010 and the Department denied his application. *See* Am. Compl. at 2-4, Doc. No. 17. The Department's denial was the basis of his claim for relief. *See id.* at 4-6. Thus, notwithstanding the near-ironclad nature of Bellardine's employment prospects under the parties' settlement agreement, Bellardine was concerned that if the employees who were involved in his 2010 hiring process participated in reviewing his new application, his new application would face challenges. *See* Tr. II at 9-10.

11. Bellardine shared this concern with Ms. Estrada at the settlement conference. *See* Tr. II at 9-10.

12. In response to this concern, Ms. Estrada told Bellardine that the individuals involved in the 2010 hiring process would not be involved in the hiring process this time around. *See id.*; *see* Tr. I at 71-72.

13. Ms. Estrada also told Bellardine that this would likely be a non-issue because, to the best of her knowledge, the employees involved in the 2010 hiring process no longer worked for the Department. *See* Tr. II at 9-10.

14. Even if the Department still employed any of the individuals involved in the 2010 hiring process, the extent to which Bellardine would have had to interact with them after he began working would have been minimal. *See* Tr. I at 70. SIPP is not part of the Decennial Census and accordingly, the SIPP Field Representative does not work directly with the Decennial Census Field Representatives. *See id.* at 27, 69, 70, 82. Bellardine would only have been required to interact with the field supervisor and some of the regional staff located in the Philadelphia office. *See id.* at 70.

## III. DISCUSSION

### A. Standard of Review – Motions Under Rule 60(b)

"[A] movant under Rule 60(b) 'bears a heavy burden[.]'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted). "Rule 60(b) motions [provide for] 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Id.* (citation omitted). "To prevail on a Rule 60(b)(3) motion, the moving party must establish, by clear and convincing evidence, that the adverse party engaged in fraud or other misconduct . . . ." *Dougboh v. Cisco Sys., Inc.*, 726 F. App'x 914, 915 (3d Cir. 2018) (per curiam) (internal citation omitted); *see also Max Control Sys., Inc. v. Indus. Sys., Inc.*, No. CIV. A. 99-CV-2175, 2001 WL 1160760, at *2 (E.D. Pa. July 30, 2001) ("[A] party seeking to vacate, modify or strike a court's order of dismissal bears the burden of showing good cause why the order should be set aside or modified. The fact that a party has reviewed his situation and had a change of heart after entering into an otherwise valid settlement agreement does not constitute 'good cause' under Rule 41.1(b)." (internal quotation marks and citations omitted)). "In order to justify reopening a settlement agreement on the ground of fraud under Rule 60(b)(3), the fraud must be material, that is the moving party must have been prevented, by the misconduct of the other party, from 'fully and fairly presenting its case.'" *United States v. Ins. Co. of N. Am.*, No. CIV. A. 98-449, 1999 WL 305514, at *2 (E.D. Pa. May 12, 1999) (quoting *Bandai Am. Inc. v. Baily Midway Mfg. Co.*, 775 F.2d 70, 73 (3d Cir. 1985)).

"Clear and convincing evidence is an intermediate standard of proof, requiring more than the preponderance standard used in most civil cases and less than the 'beyond a reasonable doubt' used in most criminal cases." *King v. Banner*, Civil Action No. 07-704, 2010 WL 3656030, at *2 (E.D. Pa. Sept. 17, 2010). In addition, "[c]lear and convincing evidence is

7

evidence that is 'so clear, direct, weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" *Schwartz v. Colleran*, No. Civ.A. 04-5399, 2005 WL 1993647, at *7 (E.D. Pa. Aug. 11, 2005) (quoting *United States Fire Ins. Co. v. Royal Ins. Co.*, 759 F.2d 306, 309 (3d Cir. 1985)).

### B. Analysis

Pursuant to Federal Rule of Civil Procedure 60(b)(3) and Local Civil Rule 41.1(b), Bellardine asks the court to vacate the order dismissing the case with prejudice. *See* Pl.'s Mot. at 1. He contends that during the settlement discussions "he made clear . . . that . . . he needed the Department . . . to assure that no one involved in the hiring process in 2010 was still employed by the Department . . . ." *Id.* at 2. He further contends that "Ms. Rosa Estrada, representative for the Department . . .[,] provided him with such assurance." *Id.* According to the motion, "he agreed to the settlement in reliance on Ms. Estrada's statement." *Id.* After the parties agreed to the terms of the settlement, Bellardine asserts that he "investigated and learned that Ms. Cynthia Manweiller, who was involved in the interview process, is . . . currently the supervisor for the Department of Census for Berks County." *Id.* at 3. Bellardine therefore contends that the Department intentionally misrepresented this fact, and that this fact is material to the outcome of the case.[8]

---

[8] In his affidavit, Bellardine also sets forth several other alleged misrepresentations. *See* Bellardine Aff. at 3-4. Because these allegations were not included in his original motion, *see* Pl.'s Mot., and because Bellardine has not asked the court for permission to supplement his original motion, the court does not need to consider them. Nonetheless, even if the court considered these additional purported misrepresentations, they would not support relief because Bellardine has failed to establish by clear and convincing evidence that these representations were made or, if they were made, that they were material to the outcome of the case.

In the affidavit, Bellardine contends that Ms. Estrada assured him that he would have "a $32,000 job with health care and . . . . [he] would work 40 or more hours per week . . . ." Bellardine Aff. at 3. He also contends that, following the settlement agreement, Attorney Sherer represented that none of the employees involved in the 2010 hiring process "work[] for the [Department] anymore." *Id.* at 4. Assuming that Attorney Sherer made those representations, they are not material to the outcome of the case for the same reasons explained below in the court's discussion on the representation made by Ms. Estrada. Additionally, to the extent that these comments were made, they were made after the settlement conference took place, *see* Tr. I at 12, and cannot support a claim for relief under 60(b)(3). *See Plant v. Burkquist*, No. 1:10-CV-278-EJL, 2014 WL 3687230, at *2 (D. Idaho July 22, 2014)

To succeed, Bellardine must establish the elements of fraud (*i.e.*, intentional misrepresentation) by clear and convincing evidence. In Pennsylvania, "[t]he elements of intentional misrepresentation are as follows: (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance." *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999).

Bellardine has not established fraud by clear and convincing evidence. In this regard, even though Bellardine has demonstrated that Ms. Estrada made a representation about whether individuals involved in the 2010 hiring process still worked for the Department, he has not shown that she made the representation with "knowledge of its falsity" or "with the intent of misleading [him] into relying on it." *Id.* Additionally, he has not shown that the representation was material.

Beginning with the representation and whether Ms. Estrada made it with the intent to mislead, Bellardine asked Attorney Harrington at the continuation of the evidentiary hearing if Ms. Estrada said that "[n]o one that was involved in the litigation case works for the Department of Commerce anymore?" Tr. II at 10. In response, Attorney Harrington testified: "I believe she

---

(explaining that "post-judgment conduct is not enough" to support relief under Rule 60(b)(3) (citation and internal quotation marks omitted)), *aff'd sub nom. Plant v. Spackman*, 656 F. App'x 288 (9th Cir. 2016).

    Regarding Bellardine's allegations related to assurances that Ms. Estrada provided him about the job, he has not shown by clear and convincing evidence that she assured him he would work 40 or more hours a week or that he would have health benefits. *See* Tr. I at 66 ("Q. Was Mr. Bellardine offered a full-time position? A. No. We don't have full-time for field representatives as a new hire."); *id.* at 67 ("Q. Was Mr. Bellardine guaranteed health insurance? A. There was a stipulation that he had to accrue 120 hours, I believe, within one month before he would be eligible for health insurance. Q. Is that a Government rule? A. That is a Government rule and it's standard across the board."); *see also id.* at 97-98. He also has not shown that Ms. Estrada guaranteed him a $32,000 salary. *See* Tr. I at 66 ("Q. Was Mr. Bellardine offered a guaranteed salary? A. No."); Tr. II at 7-8.

    Admittedly, Bellardine's testimony conflicts with Ms. Estrada's testimony on these issues. *See, e.g.*, Tr. I at 8-9. Two points bear mentioning regarding this conflict. First, as discussed above, the court found Ms. Estrada to be a reliable witness and credits her testimony over Bellardine's conflicting testimony. Second, even if the court did not credit Ms. Estrada's testimony, the burden is on Bellardine to establish, by clear and convincing evidence, that she made these representations. He has not done so.

9

made a representation that to the best of her knowledge, the individuals involved in the case seven years ago are no longer involved with the department. I believe that's what she conveyed." *Id.* Attorney Harrington's testimony is sufficient to establish that Ms. Estrada made this representation. Attorney Harrington's testimony also reveals that Ms. Estrada made these comments in the context of whether anyone involved in the 2010 hiring process would play a role in Bellardine's new employment application. *See id.*

Bellardine was concerned—given the events that purportedly took place in the 2010 hiring process—that if any of the employees involved in this process were involved in the processing or consideration of his new application, he would face challenges. *See id.* at 9-10. He conveyed this concern to Ms. Estrada and she assured him that no one involved in the 2010 hiring process would be involved with his new application. *See id.* As additional support for this assurance, she represented that, to the best of her knowledge, "the individuals involved in the case seven years ago are no longer with the department." *Id.* at 10. Ms. Estrada did not make this statement with the intent to mislead Bellardine into relying on it. Rather, she made the statement to assure Bellardine that his application would be safe from interference by the employees involved in the 2010 process. *See id.* at 9-10.

But even if Bellardine had clearly and convincingly shown that Ms. Estrada made this statement intending Bellardine to rely on it, he has not shown that Ms. Estrada made it with knowledge of its falsity. The record is devoid of evidence to establish that Ms. Estrada knew that the statement was false or that she made it with reckless disregard as to its truth.

Finally, Bellardine has failed to establish that the representation was material to the outcome of the case. *See Bright v. First Sr. Fin. Grp.*, No. CIV.A. 12-360, 2013 WL 3196392, at *3 (E.D. Pa. June 24, 2013) ("Even if the movant proves fraud by clear and convincing evidence,

they are entitled to relief under Rule 60(b)(3) only if they establish that the fraud was material to the outcome . . . ."). In his testimony at the evidentiary hearing, Bellardine contended that it was important to him that no one involved in the 2010 hiring process still worked in Berks County because he was concerned about having to work with these individuals on a regular basis. *See* Tr. I at 14. He was concerned that regularly engaging with these employees would create a difficult working environment. *See id.* For these reasons, Bellardine contends Ms. Estrada's assurance was material. *See* Pl.'s Mot.

This argument is unavailing. The testimony reveals that Bellardine would have had minimal interactions—if any—with employees from the 2010 hiring process. *See* Tr. I at 70. As a SIPP Field Representative, Bellardine's position would have been distinct from the other field representatives. *See id.* at 27, 69, 70, 82. Bellardine would have been working by himself the vast majority of the time and would have only had to interact with the field supervisor and personnel at the Philadelphia regional office. *See id.* In light of this fact, Ms. Estrada's assurance was not material to the outcome of the case because, regardless of whether the Department continued to employ the individuals involved in the 2010 hiring process, it is very unlikely that Bellardine would have been required to interact with those employees on a regular basis.

## IV. CONCLUSION

In sum, Bellardine has failed to show by clear and convincing evidence that the Department intentionally misrepresented a material fact that warrants this court vacating the Rule 41.1(b) dismissal order. While Ms. Estrada told Bellardine that she believed that the Department no longer employed anyone involved in his 2010 hiring process, he has not shown that she made this statement with the intent to mislead him. Moreover, there is no evidence in the record to

they are entitled to relief under Rule 60(b)(3) only if they establish that the fraud was material to the outcome . . . ."). In his testimony at the evidentiary hearing, Bellardine contended that it was important to him that no one involved in the 2010 hiring process still worked in Berks County because he was concerned about having to work with these individuals on a regular basis. *See* Tr. I at 14. He was concerned that regularly engaging with these employees would create a difficult working environment. *See id.* For these reasons, Bellardine contends Ms. Estrada's assurance was material. *See* Pl.'s Mot.

This argument is unavailing. The testimony reveals that Bellardine would have had minimal interactions—if any—with employees from the 2010 hiring process. *See* Tr. I at 70. As a SIPP Field Representative, Bellardine's position would have been distinct from the other field representatives. *See id.* at 27, 69, 70, 82. Bellardine would have been working by himself the vast majority of the time and would have only had to interact with the field supervisor and personnel at the Philadelphia regional office. *See id.* In light of this fact, Ms. Estrada's assurance was not material to the outcome of the case because, regardless of whether the Department continued to employ the individuals involved in the 2010 hiring process, it is very unlikely that Bellardine would have been required to interact with those employees on a regular basis.

## IV. CONCLUSION

In sum, Bellardine has failed to show by clear and convincing evidence that the Department intentionally misrepresented a material fact that warrants this court vacating the Rule 41.1(b) dismissal order. While Ms. Estrada told Bellardine that she believed that the Department no longer employed anyone involved in his 2010 hiring process, he has not shown that she made this statement with the intent to mislead him. Moreover, there is no evidence in the record to

show that she knew this statement was false, or that she made it with reckless disregard as to its truth. And finally, Bellardine failed to show that this representation was material to the outcome of the settlement agreement. For these reasons, the court denies the motion to vacate the court's Rule 41.1(b) order dismissing the case with prejudice.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.